## ATLANTA AND BIRMINGHAM AIR-LINE RAILWAY *v.* WEAVER.

CANDLER, J. The motion for a new trial complains that the court erred in refusing to grant a nonsuit, and that the verdict was contrary to law and the evidence. There was clear and positive evidence warranting a finding that the defendant was negligent as charged in the petition ; and there was some evidence authorizing a finding that the deceased was injured in the

discharge of his duties, and that at the time of the injury which resulted in his death he was free from fault. The plaintiff, therefore, carried every burden placed upon her by law, and it was not error to refuse a nonsuit. The jury trying the case, whose province it is to settle disputed issues of fact as to diligence and negligence, found for the plaintiff in an amount much smaller than the evidence as to the age and earning capacity of the deceased warranted. The trial judge approved the verdict, and no reason is made to appear why it should be set aside.

*Judgment affirmed. All the Justices concur.*

Argued November 18, — Decided December 12, 1904.

Action for damages. Before Judge Irwin. City court of Polk county. June 24, 1904.

The alleged cause of action was, that the plaintiff's husband, Weaver, a flagman in the employment of the defendant railroad company, was killed as the result of the negligence of the conductor and engineer of the defendant's freight-train, in the following manner: The train came to a station where, upon a side-track, were standing two cars loaded with lumber, apart from each other. The side-track was on a grade, and the wheels of these two cars were scotched with blocks of wood. Part of the train was run on the side-track to take on these cars, and, before reaching them, came to a stop in response to a signal from Weaver, who thereupon, in obedience to an order of the conductor and in pursuance of his duty, went between the two cars to remove the blocks of wood and to put the coupling apparatus in position. While so situated with the knowledge of the conductor and the engineer, and before the coupling apparatus could be arranged, the conductor, without warning to Weaver, gave to the engineer a signal to come with the train, and the engineer thereupon caused the train to come rapidly and with great force against the cars, catching Weaver between the drawheads of the coupling apparatus.

*Brown & Randolph* and *John K. Davis*, for plaintiff in error.
*Janes & Hunt* and *Bunn & Trawick*, contra.

